Ronald Wayne THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00742–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 14, 1999.

Ernest Davila, Houston, for Appellant.

Kelly Ann Smith, John B. Holmes, Houston, for State.

Panel consists of Justices COHEN, NUCHIA, and DUGGAN.*

## OPINION

SAM NUCHIA, Justice.

Appellant, Ronald Wayne Thompson, was convicted by a jury of aggravated assault. The jury assessed punishment at 18 years confinement. We affirm.

## BACKGROUND

On the evening of June 29, 1997, Wayne Bahde, the complainant, went to the "She's Not Here Icehouse." While there, he spoke with the icehouse owner, Leticia Deaton, his long time friend, and drank approximately two beers.

Appellant and his girlfriend, Patricia Vidrine, were also at the bar during that time, and had an argument. Bahde testified that Vidrine asked him for a ride, and he drove her to a friend's apartment about five minutes from the icehouse. When he pulled into the apartment's parking lot, Vidrine did not immediately get out of the car but stared at a point over Bahde's shoulder. When Bahde turned around to look, he saw appellant was standing less

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

than two feet away with a gun pointed at his head. Appellant told Bahde to get out of his car, and he did. Appellant struck him in the face with the gun and then in the head, splitting his head open. Bahde remembered nothing further until he was being awakened by the police and taken to the hospital.

Pasadena Police Officer Ferguson testified that he arrived at the apartment complex around 2:30 a.m and found Bahde, barely conscious and incoherent, lying under his car with a pool of blood under his head.

Vidrine's version differed from Bahde's. She testified that after arguing with appellant she went out to the parking lot, where Bahde offered her a ride. She testified that she accepted, that Bahde drove erratically, and that as she got out of the car, appellant drove up and stopped his truck in front of Bahde's car. Appellant began to yell at her, told her to get into his truck, and screamed and yelled at Bahde while she waited in the truck. Bahde's car then rolled back and bumped appellant's truck. Appellant then got back in his truck and the two of them left. She never saw appellant with a gun.

Deaton, the icehouse owner, testified that the next day she "overheard him [appellant] talking to a friend of his about what he had done."

## DISCUSSION

*Legal and Factual Sufficiency Challenge to the Extraneous Offense*

In his second, third, and fifth issues, appellant contends the evidence presented

at the punishment phase was legally and factually insufficient to show that he committed an extraneous assault.[1]

Because the verdict on punishment in a non-capital criminal case is a general verdict, an appellate court cannot determine whether the jury considered the evidence of the extraneous offense or if it affected the jury's determination of punishment. Therefore, we do not review the sufficiency of the evidence of an extraneous offense to support the jury's assessment of punishment. We construe appellant's complaint as a challenge to the admission of the extraneous offense evidence.

Evidence of extraneous crimes or bad acts is admissible during the punishment phase to the extent the trial court deems it relevant to sentencing. TEX.CODE CRIM. P. ANN. art. 37.07, § 3(a) (Vernon Supp.1999). If the State offers such evidence, it must prove the extraneous acts of misconduct beyond a reasonable doubt. *Id.* The trial court is the authority on the threshold issue of the admissibility of relevant evidence during the punishment phase of the trial. *Mitchell v. State,* 931 S.W.2d 950, 953 (Tex.Crim.App.1996). The trial court must first determine that the evidence is relevant and that the jury could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offense. *See Harrell v. State,* 884 S.W.2d 154, 160–61 n. 14 (Tex.Crim. App.1994). The jury, as the exclusive judge of the facts, then determines whether the State proved the extraneous offense beyond a reasonable doubt. *Mitchell,* 931 S.W.2d at 954.

To preserve error in the admission of extraneous offenses, the defendant

1. The State asserts that the court of criminal appeals has declined to extend factual sufficiency review to any punishment issues. *See McGinn v. State,* 961 S.W.2d 161, 169 (Tex. Crim.App.1998). In *McGinn,* a capital murder case, the court held that a factual sufficiency review of the jury's determination of the probability of future dangerousness was not required by the Texas Constitution. *Id.* at 169. The *McGinn* case seems to be limited to capital cases, and thus is inapplicable to the present case.

must first object under rule 404(b) of the Texas Rules of Evidence. *See Harrell v. State*, 884 S.W.2d 154, 160–61 n. 14. The State must then show that the evidence is relevant, and, at the defendant's request, the State may be required to articulate the limited purpose for which the evidence is being offered. *Id.* If the trial court determines the evidence is relevant, the defendant must further object and obtain a ruling under rule 403 of the Texas Rules of Evidence. *Id.*

 The State presented evidence that prior to the June 29th assault, appellant broke into the home of Celdonio Ortiz and assaulted him. Ortiz made an in-court identification of appellant as his assailant; however, he was not sure what object appellant used to assault him. Additionally, Deaton testified that she overheard appellant say that he broke into an apartment and beat a man with a hammer.

Appellant did not object to Ortiz's testimony identifying him as his assailant, but to the State's failure to give him proper notice of Deaton's testimony that she heard appellant "bragging" about committing the extraneous assault. Specifically, appellant objected "under no notice, 37.07." We construe this to be an objection under art. 37.07 section 3(g), which states, "... notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence." Tex.Code Crim. P. Ann. art. 37.07, § 3(g) (Vernon Supp.1999). During Deaton's testimony, appellant "renew[ed his] objection that [he] made prior to the jury coming in, under 404, 37.07 and 403, 4.02." This general objection did not apprise the trial court of the basis of his complaint other than lack of notice. Appellant has not brought a complaint on appeal that he did not receive proper notice of Deaton's testimony. Therefore, appellant has not preserved a complaint on appeal.

We overrule appellant's second, third, and fifth issues.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47, and is thus ordered not published.

We affirm the judgment of the trial court.