Kendrick Leon JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–171–CR.

Court of Appeals of Texas,
Waco.

Dec. 5, 2001.

---

James R. Jenkins, Waxahachie, for appellant.

Joe F. Grubbs, Ellis County and Dist. Atty., Waxahachie, for appellee.

Before Chief Justice DAVIS, and Justices VANCE and GRAY.

### OPINION

REX D. DAVIS, Chief Justice.

Kendrick Leon Jackson pleaded guilty to the offense of aggravated robbery, and a jury assessed ten years' imprisonment.

Jackson claims in two points that the trial court erred by: 1) denying his motion to suppress evidence; and 2) admitting a co-defendant's and his statements, which implicated him in an unadjudicated extraneous offense.

Law enforcement authorities arrested Jackson and co-defendant Cornelius Jones for aggravated robbery. They both gave voluntary statements to the police. In addition to admitting that they had committed the aggravated robbery for which they were prosecuted, Jackson and Jones stated similarly that, prior to their arrest, Jackson had attempted to rob a man in a rest stop bathroom. Jones stated that Jackson had pointed a gun at the man and demanded his money. The State did not seek to prosecute either of them for the robbery at the rest stop.

The State offered the statements in evidence during the punishment phase. Jackson (and Jones)[1] objected that the statements should not be admitted under article 37.07, section 3(a) of the Code of Criminal Procedure because the State had not proven beyond a reasonable doubt that the extraneous robbery referenced in the statements had occurred. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.2002).

### Motion to Suppress Extraneous Offense Evidence

 Jackson claims in his first point that the trial court erroneously denied his motion to suppress that part of co-defendant Jones' and his statements that implicated them in the attempted aggravated robbery at the rest stop. Jackson argues in his motion to suppress that any evidence of this unadjudicated extraneous offense should be suppressed because there is no

---

1. The State prosecuted Jackson and Jones jointly in a single trial. *See* TEX.CODE CRIM. PROC. ANN. art. 36.09 (Vernon 1981).

evidence that the alleged offense actually occurred.

▆▆▆ The phrase "motion to suppress" is a term of art that contemplates more than the simple exclusion of evidence pursuant to the general rules of evidence. *See State v. Roberts,* 940 S.W.2d 655, 658 (Tex.Crim.App.1996). The purpose of a motion to suppress is to exclude evidence *which has been secured illegally* in violation of the Fourth Amendment (search and seizure), Fifth Amendment (privilege against self-incrimination), or Sixth Amendment (right to assistance of counsel) to the United States Constitution. *Id.* In this case, a pre-trial ruling on the admissibility of the extraneous offense evidence would be premature.[2] Evidence of an unadjudicated offense may be relevant during the guilt-innocence phase and/or the punishment phase. *See State v. Monroe,* 813 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). Therefore, the trial court properly overruled Jackson's motion to suppress. Accordingly, we overrule Jackson's first point.

### Extraneous Offense Evidence at Punishment

▆▆▆ Jackson argues in his second point that the trial court improperly admitted both statements in their entirety during the punishment phase. We review the trial court's decision to admit or exclude evidence under an "abuse of discretion standard." *Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim. App.1991) (op. on reh'g); *Barletta v. State,* 994 S.W.2d 708, 713 (Tex.App.—Texarkana

1999, pet. ref'd) (applying this standard to ruling on punishment evidence). We will not reverse so long as the trial court's decision is within the "zone of reasonable disagreement." *Id.*

During the punishment phase, Jackson objected to the admission of that part of both statements which implicated him in the extraneous offense. He argued that the statements standing alone do not suffice to prove beyond a reasonable doubt that he committed the extraneous offense and that the admission of the statements would be unfairly prejudicial. The trial court overruled Jackson's objection and admitted the statements in their entirety.

Article[3] 37.07, section 3(a) provides that the State may introduce "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant." TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a). The Court of Criminal Appeals has made clear that the beyond-a-reasonable-doubt standard of this statute is the same as that applied during the guilt-innocence phase. *See Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App. 1996) ("When evidence of extraneous offenses has been offered, regardless of the respective phase of a trial, the law requires that it be proved beyond a reasonable doubt").

▆▆▆ Under this statute, the trial court makes a threshold determination of whether the evidence is relevant and thus admissible. *See Mitchell,* 931 S.W.2d at 953; *Thompson v. State,* 4 S.W.3d 884, 886

---

2. In a similar vein, had Jackson sought to exclude the statement by motion in limine, he would have been required to object at trial to the admissibility of the statement (regardless of the court's ruling on the motion in limine) because a court's ruling on a motion in limine does not suffice to preserve error. *See Wilson*

*v. State,* 7 S.W.3d 136, 144 (Tex.Crim.App. 1999).

3. The term "article" as used hereinafter refers to an article of the Code of Criminal Procedure unless otherwise indicated.

(Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). In conducting this inquiry, the court determines whether "the jury could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offense." *Thompson,* 4 S.W.3d at 886 (citing *Harrell v. State,* 884 S.W.2d 154, 160–61 (Tex.Crim.App.1994)).[4] On request, the trial court must instruct the jury that it cannot consider evidence of an extraneous offense in assessing punishment unless the jury "is satisfied beyond a reasonable doubt that [the extraneous offense is] attributable to the defendant." *Fields v. State,* 1 S.W.3d 687, 688 (Tex. Crim.App.1999).

Because the court admitted the statements at issue in their entirety, it impliedly determined that "the jury could reasonably find beyond a reasonable doubt that [Jackson] committed the extraneous [robbery]." *See Thompson,* 4 S.W.3d at 886. There are two independent but somewhat related theories under which it could be argued that the jury could not reasonably find beyond a reasonable doubt that Jackson committed the extraneous robbery: the accomplice witness rule and the *corpus delicti* rule.

 Under the accomplice witness rule (codified as article 38.14), the *conviction* of an accused cannot rest solely on the uncorroborated testimony of an accomplice. *See* Tex.Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). However, Texas courts have uniformly held that article 38.14 has no application to evidence of extraneous offenses offered in the punishment phase. *See Jones v. State,* 982 S.W.2d 386, 395 (Tex.Crim.App.1998); *Goodman v. State,* 8 S.W.3d 362, 365 (Tex.App.—Austin 1999, no pet.); *Stevenson v. State,* 997 S.W.2d 766, 770 (Tex.App.—Houston [1st Dist.]

1999, pet. ref'd); *Johnson v. State,* 969 S.W.2d 134, 134–35 (Tex.App.—Texarkana 1998, pet. ref'd). Accordingly, the accomplice witness rule poses no bar to the jury's ability to find beyond a reasonable doubt that Jackson committed the extraneous robbery.

 Under the *corpus delicti* rule, a defendant's extrajudicial confession will not suffice to support a conviction absent independent evidence which tends to prove that the crime was in fact committed. *See Rocha v. State,* 16 S.W.3d 1, 4 (Tex.Crim. App.2000); *Gonzales v. State,* 4 S.W.3d 406, 412 (Tex.App.—Waco 1999, no pet.).

> The independent evidence need not connect the defendant to the crime; it need only show that a crime was committed. In addition, such evidence need not be sufficient by itself to prove the offense; it need only be "some evidence which renders the *corpus delicti* more probable than it would be without the evidence."

*Emery v. State,* 881 S.W.2d 702, 705 (Tex. Crim.App.1994) (quoting *Gribble v. State,* 808 S.W.2d 65, 72 (Tex.Crim.App.1990)). An accomplice's statement can provide such independent evidence. *See McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App. 1997).

Arguably, the *corpus delicti* rule has no application in the punishment phase for the same reasons the accomplice witness rule does not apply. *Cf. Rocha,* 16 S.W.3d at 4 ("an extrajudicial confession of wrongdoing, standing alone, is not enough to support a *conviction* "). Even assuming that the rule does apply, we conclude under *McDuff* that the statement of Jackson's co-defendant Jones constitutes sufficient independent evidence to establish the

---

4. In *Harrell,* the Court of Criminal Appeals addressed the standard by which a trial court determines that evidence of an extraneous offense is admissible during the guilt-innocence phase. *See Harrell v. State,* 884 S.W.2d 154, 160 (Tex.Crim.App.1994).

*corpus delicti* of the extraneous robbery. *See McDuff,* 939 S.W.2d at 614–15; *see also Wolfe v. State,* 917 S.W.2d 270, 281–82 (Tex.Crim.App.1996) (affirming admissibility of defendant's confession at punishment to establish extraneous offense).

In light of these authorities, we cannot say that the court's decision to admit Jones' and Jackson's statements regarding the extraneous offense lies outside the "zone of reasonable disagreement." *See Green,* 934 S.W.2d at 102; *Montgomery,* 810 S.W.2d at 391; *Barletta,* 994 S.W.2d at 713. Therefore, we overrule Jackson's second point.

We affirm the judgment.