MARY'S OPINION HEADING 



 NO. 12-01-00330-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JOSE MALPICA,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT 


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

OPINION


 Appellant was convicted of robbery on his plea of guilty to the trial court. Appellant elected
to have a jury to assess punishment. The jury assessed his punishment at confinement for ninety-nine
years and a ten thousand dollar fine. We affirm.


Extraneous Offenses


 In his first issue presented, Appellant contends the trial court erred in refusing his request for
a preliminary hearing outside the presence of the jury to determine whether the State could prove
beyond a reasonable doubt that Appellant had committed extraneous offenses before allowing the
introduction of evidence of those offenses.

 The State filed notice that it intended to introduce evidence of Appellant's participation in
another robbery that took place in Nacogdoches on the day before this offense. Immediately prior to
trial, Appellant presented a motion in limine asking the court to conduct a hearing outside the presence
of the jury and before the introduction of evidence of the extraneous offenses to determine if the State
could sustain its burden of proving beyond a reasonable doubt that Appellant committed the extraneous
offenses.

 The trial judge implicitly denied Appellant's request for a preliminary hearing during the
following exchange which occurred between the trial court and counsel:


 THE COURT: I am inclined to do that and allow that evidence in. However, I
think he might be entitled under Rankin perhaps to an instruction at
that time that I could give to the jury that they are not to consider
this unless they believe beyond a reasonable doubt that it took place.


 PROSECUTOR: We agree. We have no objection to the verbal instruction in the
charge.


 THE COURT: The Court will give the verbal instruction if you request it, timely
request it, at that time when the testimony is given, and you will also
get the written instruction of the charge. I will do that.


 MS. LACY: All right, sir.



At trial, two employees of Osburn Liquor Store testified concerning the robbery without objection.

 An appellate court reviews the trial court's decision to admit extraneous offense evidence under
the abuse of discretion standard. See Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). 
Since the 1993 amendments, our Code of Criminal Procedure has provided that at the punishment stage
of the trial, the State may introduce evidence of extraneous crimes or bad acts "that [are] shown beyond
a reasonable doubt by evidence to have been committed by the defendant or for which he could be held
criminally responsible. . . ." Tex. Code Crim. Proc. Ann. art. 37.03, § 3(a) (Vernon Supp. 2003). 
The trial court, however, must make a threshold determination that the jury could reasonably find
beyond a reasonable doubt that the defendant committed the extraneous offense before it can admit
evidence of the extraneous offense at the punishment phase of a non-capital trial. And if the evidence
is admitted, the jury should be instructed that it should not consider the extraneous offense unless it
believes beyond a reasonable doubt that the accused was the perpetrator. See Mitchell, 931 S.W.2d
at 954; see also Harrell v. State, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994). There is authority that
the requirement of a preliminary determination of relevance, and hence admissibility, can be satisfied
by some form of preliminary review other than a hearing. See Welch v. State, 993 S.W.2d 690, 697
(Tex. App.-San Antonio 1999, no pet.). In Welch, the court of appeals held that a written proffer by
the State of how it intended to prove the extraneous offenses sufficed to satisfy Article 37.07, Section
3(a) of the Code of Criminal Procedure. Id.; see also Mann v. State, 13 S.W.3d 89, 94 (Tex.
App.-Austin 2000), aff'd, 58 S.W.3d 132 (Tex. Crim. App. 2001). In Mann, the court of appeals
quoted the holding in Welch that "[n]either the statute nor precedent require a hearing." Id. The Mann
court said that the trial court's denial of appellant's request for a hearing after the State's proffer
constituted "an implied ruling of admissibility." Id. Neither defendant objected to the introduction of
the evidence of the extraneous offense during the trial. On appeal, neither Mann nor Welch contended
that the State had failed to prove the offense beyond a reasonable doubt.

 In contrast to Welch and Mann, Appellant insists that the State failed to prove his participation
in the extraneous offense beyond a reasonable doubt. Appellant's request for a preliminary hearing
before the admission of extraneous offense evidence was, however, raised during the hearing on his
motion in limine. Although he presented a motion in limine, which the trial court denied, he did not
object during the trial to the evidence of the extraneous robbery. Motions in limine do not preserve
error." Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988); see also Thomas v. State, 1
S.W.3d 138, 143 (Tex. App.-Texarkana 1999, pet. ref'd). Therefore, no error is preserved. 
Appellant's first issue is overruled.


Sufficiency of the Evidence


 In his second and third issues, Appellant maintains that the evidence is both legally and
factually insufficient to establish beyond a reasonable doubt that Appellant committed the extraneous
offenses of aggravated robbery and gang membership. Appellant relies on those cases that describe
the standard of review appropriate in determining if the evidence is legally and factually sufficient to
support a conviction. See, e.g., Jackson v. Virginia, 443 U. S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.
Ed. 2d 560 (1979); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Mason v. State, 905
S.W.2d 570, 574 (Tex. Crim. App. 1995). The State introduced the evidence of the extraneous bad
conduct without objection. The judge properly instructed the jury to consider the evidence of
extraneous offenses only if they found beyond a reasonable doubt that the defendant committed them. 
See Mitchell, 931 S.W.2d at 954.

 Although the same reasonable doubt standard required for conviction also applies at the
punishment stage to proof of the accused's extraneous acts of misconduct, there is no comparable
sufficiency review of the extraneous offense evidence introduced at punishment. Moreover, the
reasonable doubt standard as applied to extraneous offenses at punishment lacks many of the
procedural protections that reinforce its application at the guilt-innocence phase of trial. The State has
no burden to prove any particular elements of extraneous offenses, and the jury need not be instructed
on the elements of the extraneous offenses. See, e.g., Autry v. State, 27 S.W.3d 177, 181 (Tex.
App.-San Antonio 2000, pet. ref'd); Arnold v. State, 7 S.W.3d 832, 834 (Tex. App.-Eastland 1999,
pet. ref'd). Proof of extraneous offenses by accomplice testimony need not be corroborated. See
Salazar v. State, 87 S.W.3d 680, 684 (Tex. App.-San Antonio 2002, no pet.); Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 1979). The State need not prove the venue of the extraneous offense. 
Stevenson v. State, 963 S.W.2d 801 (Tex. App.-Fort Worth 1998, pet. ref'd). An extra-judicial
confession of the extraneous offense need not be corroborated. See Padron v. State, 988 S.W.2d 344,
346 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

 Several reasons have been given for the disparity in treatment between two applications of the
identical standard. Although proof of guilt beyond a reasonable doubt is constitutionally mandated,
see In re Winship, 397 U.S. 58, 90 S. Ct. 1068, 25 L. Ed. 368 (1970), neither the United States nor
Texas constitutions require proof of facts used in assessing punishment. Fields v. State, 1 S.W.3d 687,
688 (Tex. Crim. App. 1999). An assessment of punishment involves considerations far less grave than
those involved in a determination of guilt. See Wilson v. State, 15 S.W.3d 544, 549 (Tex. App.-Dallas
1999, pet. ref'd). The evidence of extraneous offenses at punishment serves a very different purpose
from evidence presented at the guilt-innocence phase. See Fields, 1 S.W.3d at 688. The United States
Supreme Court has noted "[s]entencing courts have traditionally heard evidence and found facts
without any prescribed burden of proof at all." McMillan v. Pennsylvania, 477 U.S. 79, 91, 106 S.
Ct. 2411, 2419, 91 L. Ed. 2d 67 (1986). In Thompson v. State, 4 S.W.3d 884, 886 (Tex.
App.-Houston [1st Dist.] 1999, pet. ref'd), the court rejected a challenge to the sufficiency of the
evidence to prove an extraneous assault reasoning that, since the punishment verdict in a non-capital
case is a general verdict, an appellate court cannot determine if the jury considered evidence of the
extraneous offense or if it affected their verdict.

 We conclude that the only review possible of the sufficiency of the proof of an extraneous
offense introduced at the punishment stage is a review under an abuse of discretion standard of the trial
judge's threshold ruling on admissibility. If the judge is satisfied that there is evidence upon which a
rational jury could find beyond a reasonable doubt that the defendant committed the extraneous
misconduct, the defendant, in order to preserve error, must object to the introduction of the evidence
of the extraneous bad act.

 In the case at bar, Appellant, in his motion in limine, asked the trial judge to exclude evidence
of extraneous offenses, not shown to be provable beyond a reasonable doubt. The evidence, however,
was admitted without objection at trial. Therefore, no error was preserved. Appellant's issues two and
three are overruled.


Jury's Violation of Oath


 In his fourth issue, Appellant asserts that the jury violated its oath under Article 35.22 of the
Texas Code of Criminal Procedure. Appellant filed an application for probation alleging that he had
never been convicted of a felony. The evidence shows that Appellant had never been convicted of a
felony, although his commission of several felony offenses while a juvenile resulted in his adjudication
as a delinquent. In its charge, the trial court instructed the jury that adjudication as a delinquent for the
commission of a felony does not disqualify one for probation. Following the sentence and fine
assessment, the jury was required to complete the following form: "We, the jury, find that the
Defendant, Jose Malpica, _____ before been convicted of a felony in this or any other state. (Answer
by stating "Has" or "Has Not")." "Has" was placed on the verdict form signed by the presiding juror. 
Appellant insists this is evidence that they could not have considered the full range of punishment as
they were sworn to do.

 The State argues there is no connection between the jurors' oaths at the beginning of the trial
to consider the full range of punishment, and their error in deciding that Appellant had been convicted
of a felony. We agree. Moreover, since the jury assessed his punishment at confinement for ninety-nine years, Appellant could not have been considered for probation. The jury's error did not harm
Appellant. Appellant's fourth issue is overruled.


Conclusion


 The judgment of the trial court is affirmed.

 BILL BASS 

 Justice

Opinion delivered April 30, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.


(PUBLISH)