NUMBER 13-01-769-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

RICARDO ACUNA,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 148th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Ricardo Acuna, stabbed his common law wife, Rosalie Davila,
seventeen times during a domestic dispute. At trial, a jury convicted appellant of
aggravated assault and sentenced him to nine years imprisonment. Appellant does not
contest that he stabbed the victim but, by three issues, seeks a reversal and remand
for new trial on grounds that extraneous offense evidence was improperly admitted
during both the guilt/innocence phase and the punishment phase of the trial. The trial
court has certified that this “is not a plea-bargain case, and the defendant has the right
of appeal.” See Tex. R. App. P. 25.2(a)(2). We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. ANALYSIS
A. Extraneous Offense Evidence Admitted at Guilt/Innocence Phase
         By his first issue, appellant contends that the trial court erred in admitting
extraneous offense evidence during the guilt/innocence phase of the trial, in violation
of rule 404(b). See Tex. R. Evid. 404(b). Specifically, appellant argues that the trial
court erred in admitting testimony showing appellant held a screwdriver to his wife’s
neck during a prior argument. A trial court's admission of extraneous offense evidence
is reviewed under an abuse of discretion standard. See Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997); Hernandez v. State, 52 S.W.3d 268, 281 (Tex.
App.–Corpus Christi 2001, no pet.). 
         Generally, evidence of other crimes, wrongs, or acts is not admissible to
establish the character of a person. Tex. R. Evid. 404(b). However, the prosecution
may use character evidence to rebut the defense’s attempt to define the character of
the defendant. Id. 404(a)(1)(A). The challenged testimony in this case was introduced
during the State’s re-direct questioning of the victim in response to the victim’s
assertion that appellant was generally not violent and the stabbing incident was an
isolated incident. The record shows that the victim testified about appellant’s non-violent history as a result of questions from appellant’s counsel, thereby opening the
door for the prosecution’s questions to rebut that character evidence. See Feldman
v. State, 71 S.W.3d 738, 755-56 (Tex. Crim. App. 2002) (stating that defendant who
opens door to otherwise inadmissible evidence risks having that evidence used against
him).
         Given the fact that the admission of evidence was within the discretion of the
trial court, see Hernandez, 52 S.W.3d at 281, and that the evidence was offered as
rebuttal testimony, see Tex. R. Evid. 404(a)(1)(A), we find that the trial court did not
abuse its discretion in admitting evidence of appellant previously threatening his wife. 
Appellant’s first issue is overruled.
B. Extraneous Offense Evidence Admitted at Punishment Phase
         By his second issue, appellant argues that the trial court committed reversible
error in allowing the introduction of extraneous offense evidence without first
determining that the evidence was relevant and that the State could prove the offenses
beyond a reasonable doubt. We review the trial court’s decision to admit extraneous
offense evidence during the punishment phase under an abuse of discretion standard. 
See Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).
         During the punishment phase, evidence may be offered by the State as to any
matter the court deems relevant to sentencing, including evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible. Tex.
Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2004). The trial court has
the responsibility of determining the threshold admissibility of extraneous offense
evidence at the punishment phase; that is, the court must make an initial determination
at the proffer of the evidence that the evidence is relevant and that a jury could
reasonably find beyond a reasonable doubt that the defendant committed the
extraneous offense. Moore v. State, 82 S.W.3d 399, 409 (Tex. App.–Austin 2002,
pet. ref’d).
         A review of the record shows that the State made an oral proffer of the
extraneous evidence which would be presented during the punishment phase. 
Appellant responded with an objection as to the relevance of such evidence, which
was overruled by the trial court. There is no requirement that the trial court hold a
separate evidentiary hearing to determine the relevance and admissibility of extraneous
evidence. Malpica v. State, 108 S.W.3d 374, 377 (Tex. App.–Tyler 2003, no pet.). 
Moreover, the trial court may determine whether there is sufficient evidence through
an oral or written proffer of evidence, motions, pretrial hearings, and the trial, including
any bench conferences. Arzaga v. State, 86 S.W.3d 767, 781 (Tex. App.–El Paso
2002, no pet.). 
         We conclude, therefore, that the trial court complied with the preliminary review
requirements regarding extraneous offense evidence. Thus, the trial court did not
abuse its discretion in admitting the evidence. Appellant’s second issue is overruled.
         By his third issue, appellant contends the extraneous offense evidence was both
legally and factually insufficient to prove the offenses beyond a reasonable doubt. 
However, the verdict on punishment in a non-capital criminal case is a general verdict,
and therefore, we cannot determine whether the jury considered the evidence of the
extraneous offense or if it influenced the jury’s determination. See Thompson v.
State, 4 S.W.3d 884, 886 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d). 
Therefore, our review of the sufficiency of the evidence in this context is a review
under an abuse of discretion standard of the trial judge’s threshold ruling on
admissibility. Malpica, 108 S.W.3d at 379; Thompson, 4 S.W.3d at 886. As we
have concluded above, the trial court acted within its discretion in admitting the
extraneous evidence. Therefore, appellant’s third issue is overruled.
III. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.                             
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
Do not publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and 
filed this 29th day of July, 2004.