Opinion issued February 12, 2009



 





In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00632-CR






THIOGEST JEFFERSON WILLIAMS, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14729






MEMORANDUM OPINION


 A jury convicted appellant, Thiogest Jefferson Williams, Jr., of evading arrest
or detention with a vehicle. (1) After reviewing a pre-sentencing investigation report,
the trial court assessed appellant's punishment as 12 months in state jail. (2)
 In two
points of error, appellant argues (1) that the trial court erred in admitting extraneous
offense evidence and (2) that appellant's trial counsel was ineffective because he
failed to prepare for trial, failed to request a limiting instruction on the extraneous
offense evidence, and failed to request an instruction to include a lesser-included
offense in the jury charge.

 We affirm.

Background

 Appellant, Thiogest Jefferson Williams, was driving a passenger van near
Burton, Texas in Washington County on June 12, 2006. Using a radar gun,
Department of Public Safety ("DPS") Officer R. Bates measured appellant driving the
van at 87 miles per hour. Officer Bates activated the video/audio camera mounted on
his police car as soon as he observed appellant's speeding violation. Officer Bates
drove up to appellant's vehicle and turned on the siren of his police car. After Officer
Bates turned on his siren, appellant's vehicle continued traveling within the speed
limit for an additional seven to eight miles. During the pursuit, Officer Bates radioed
for assistance from other law enforcement officials in the vicinity. Deputy Constable
W. Shepherd and Washington County Sheriff's Deputy M. Whidden drove to assist
Officer Bates. Officer Bates, Deputy Shepherd, and Deputy Whidden initiated a
"felony stop", in which the three law enforcement officers drew their weapons and
ordered appellant and appellant's passengers out of the passenger van.

 After appellant exited the vehicle, the officers ordered him to lie face down on
the ground. When Deputy Shepherd attempted to handcuff him, appellant resisted. 
Appellant was handcuffed, and the officers ordered appellant's passengers out of the
passenger van. Appellant's passengers included two adult males, three adult females,
and five children. After appellant was identified, he was arrested and placed in
Officer Bates's police car and taken to the Washington County jail. The entire
incident was recorded by Officer Bates's camera. Extraneous Offense Evidence

 In his first point of error, appellant argues that the trial court erred in admitting
extraneous offense evidence because the trial court failed to make a formal finding
that the extraneous offense evidence was more probative than prejudicial. 

 Analysis

 To preserve error in the admission of extraneous offenses, the defendant must
first object under Texas Rule of Evidence 404(b). Tex. R. App. P. 33.1; Thompson
v. State, 4 S.W.3d 884, 886-87 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd)
(citing Harrell v. State, 884 S.W.2d 154, 160-61 n.14 (Tex. Crim. App. 1994)). "The
State must then show that the evidence is relevant, and, at the defendant's request, the
State may be required to articulate the limited purpose for which the evidence is being
offered." Thompson, 4 S.W.3d at 886-87. If the trial court determines the evidence
is relevant, the defendant must further object and obtain a ruling under Texas Rule
of Evidence 403. Id.

 Here, appellant and his trial counsel had the following exchange:

 [Trial Counsel]: Now, in fact, you have a felony conviction on your
record, don't you?

 

 [Appellant]: Yes, sir.


 

During the State's initial cross-examination of appellant, the State and appellant had
the following exchange:

 [State]: [Appellant], you told--when you were talking to
your defense attorney you told him a moment ago
you admitted that you had been convicted of a
felony offense; is that correct?

 

 [Appellant]: Say that again.

 

 [State]: I said when you were talking to your defense
attorney you admitted that you had been convicted
of felony [sic]before; is that correct?

 

 [Appellant]: Yes.

 

 State]: When was that?

 

 [Appellant]: In '94.

 

 [State]: And isn't it true that it was for possession of--

Appellant's trial counsel objected on the grounds of improper impeachment. The trial
court overruled the objection and concluded that appellant's trial counsel had "opened
the door." After appellant's trial counsel explained that the State was not allowed to
discuss the nature of the felony offense, the trial court held a hearing outside the
presence of the jury. The State argued that appellant had created a false impression
when appellant answered that he had only "a" felony conviction. After the State
posed a series of questions to appellant to clarify the nature and extent of appellant's
prior convictions, the trial court held that appellant had two prior convictions that the
State could use to impeach appellant. Appellant's trial counsel thanked the trial court
and objected neither to the ruling nor to the procedure used to arrive at the ruling. 
Because appellant failed to object under either Rule 403 or 404, he has failed to
preserve his point of error. Thompson, 4 S.W.3d at 886-87. 

 We overrule appellant's first point of error. 

Ineffective Assistance of Counsel

 In his second point of error, appellant argues that his trial counsel was
ineffective because he failed (1) to prepare for trial, (2) to request a limiting
instruction on the extraneous offense evidence, and (3) to request that a lesser-included offense be included in the jury charge.

 Standard of Review

 We evaluate the effectiveness of counsel under the two-pronged test enunciated
in Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984);
Hernandez v. State, 988 S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the appellant
must show that his trial counsel's representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this
deficiency in representation, the appellant must demonstrate that his counsel's
performance deviated from prevailing professional norms. Id. at 688, 104 S. Ct. at
2065. Second, the appellant must show prejudice. Id. at 687, 104 S. Ct. at 2064. 
When an appellant fails to satisfy one prong of the Strickland test, the reviewing court
need not consider the other prong. Id. at 697, 104 S. Ct. at 2069.

 To prove that his counsel was ineffective, an appellant must prove, by a
preponderance of the evidence, that there is no plausible professional reason for a
specific act or omission. Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). 
We presume counsel's actions and decisions were reasonably professional and
motivated by sound trial strategy. Id. The appellant must overcome the presumption
that his trial counsel's strategy was sound and must affirmatively demonstrate the
alleged ineffective assistance of counsel. Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003); Thompson, 9 S.W.3d at 814. We cannot speculate beyond
the record provided; rather, a reviewing court must presume that the actions were
taken as part of a strategic plan for representing the client. Rylander, 101 S.W.3d at
110. "Under normal circumstances, the record on direct appeal will not be sufficient
to show that counsel's representation was so deficient and so lacking in tactical or
strategic decision making as to overcome the presumption that counsel's conduct was
reasonable and professional." Bone, 77 S.W.3d at 833.

 Inadequate Preparation for Trial

 First, appellant argues that trial counsel was ineffective because he failed to
properly prepare for appellant's jury trial. A reviewing court cannot engage in
speculation about the trial counsel's preparation when the record does not reflect the
nature and extent of trial counsel's preparation. Labib v. State, 239 S.W.3d 322, 335
(Tex. App.--Houston [1st Dist.] 2007, no pet.) (finding no showing of ineffective
assistance of counsel when appellant merely alleged that trial counsel was ineffective
because trial counsel failed to "adequately investigate the relevant law or facts"); see
Butler v. State, 716 S.W.2d 48, 56 (Tex. Crim. App. 1986) (record sufficient to show
that counsel's failure to investigate law or facts constituted representation that fell
below objective standard of reasonableness). Absent record evidence, a reviewing
court cannot speculate on the type of preparation needed to aid the defendant or
whether that preparation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064; Labib, 239 S.W.3d at 335. 

 Here, the record does not reflect the extent of trial counsel's preparation. Nor
does the record indicate exactly what kind of preparation appellant's trial counsel
needed to prepare for appellant's defense. This Court cannot speculate about the
extent and nature of trial counsel's preparation, and therefore, we cannot speculate
on whether trial counsel's preparation fell below an objective standard of
reasonableness or was otherwise prejudicial to appellant. See Strickland, 466 U.S. at
688, 104 S. Ct. at 2064; Labib, 239 S.W.3d at 335. Therefore, we conclude appellant
has not satisfied the first prong of Strickland. We need not consider the second
prong. 

 Failure to request limiting instruction on extraneous offense evidence

Second, appellant argues that his trial counsel was ineffective because he failed
to request a limiting instruction on the extraneous offense evidence. When the
defendant asks for a limiting instruction on extraneous evidence, the trial court
generally errs in not giving the instruction. See Ex parte Varelas, 45 S.W.3d 627, 631
(Tex. Crim. App. 2001). However, absent record evidence, a reviewing court cannot
simply speculate about trial counsel's reasons for failing to request an instruction. 
See id. at 632 (explaining that the "bare record does not reveal the nuances of trial
strategy" and that "to hold trial counsel's actions (or inaction) ineffective in the
[direct appeal] would call for speculation and such speculation is beyond the purview
of this Court"). 

Here, the record is silent regarding his trial counsel's strategic decision not to
request a limiting instruction. We cannot speculate as to trial counsel's reasons for
failing to request a limiting instruction. Varelas, 45 S.W.3d at 632. Mere surmise is
an insufficient evidentiary foundation to hold trial counsel's failure to request a
limiting instruction ineffective. Appellant has not proved, by a preponderance of the
evidence that there is no plausible professional reason for his failure to seek a limiting
instruction. Therefore, we conclude appellant has not satisfied that first prong of
Strickland. We need not consider the second prong. Failure to request instruction on a lesser-included offense 

 Third, appellant argues that his trial counsel was ineffective because he failed
to request an instruction to include a lesser-included offense on the jury charge. 

 To establish a claim that a defense counsel's performance was deficient for
failing to request an instruction on a lesser included offense, the appellant must show
that he was entitled to the instruction. Shanklin v. State, 190 S.W.3d 154, 159 (Tex.
App.--Houston [1st Dist.] 2005, pet. dism'd) (citing Fuentes v. State, 991 S.W.2d
267, 272 (Tex. Crim. App. 1999)). A defendant is entitled to an instruction on a
lesser included offense when the proof for the offense charged includes the proof
necessary to establish the lesser included offense, and there is some evidence in the
record that would permit a jury rationally to find that if the defendant is guilty, he is
guilty only of the lesser included offense. Id. (citing Bignall v. State, 887 S.W.2d 21,
23 (Tex. Crim. App. 1994)). Anything more than a scintilla of evidence is sufficient
to entitle a defendant to a lesser charge. Id. 

 Here, the record does not indicate why trial counsel chose not to request an
instruction for a lesser-included offense on the jury charge. Appellant has not proved,
by a preponderance of the evidence that there is no plausible professional reason for
failure to request a lesser-included offense instruction. Therefore, we conclude
appellant has not satisfied the first prong of Strickland. We need not consider the
second prong. We overrule appellant's second issue. Conclusion


 We affirm the judgment of the trial court. 






 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.4.
1. See Tex. Penal Code Ann. § 38.04 (a),(b)(1) (Vernon 2003) ("A person commits an
offense if he intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him."; "An offense under this section is a Class B
misdemeanor, except that the offense is: (1) a state jail felony if the actor is in flight
and the actor has not been previously convicted under this section.")
2. See id. § 38.04 (b)(1); see also id.. § 12.22 (Vernon 2003).