ACCEPTED
06-14-00174-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/22/2015 10:15:02 PM
DEBBIE AUTREY
CLERK

No. 06-14-00174-CR
Trial Court No. 14F0004-005

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/23/2015 8:46:00 AM
DEBBIE AUTREY
Clerk

**Roderick Beham,** *Appellant*

**v.**

**The State of Texas,** *State*

Appealed from the 5th Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By: **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
**Attorneys for the State**

| | | |
|---|---|---|
| Roderick Beham, | § | |
| *Appellant* | § | |
| | § | No. 06-14-00174-CR |
| v. | § | |
| | § | |
| The State of Texas, | § | BRIEF FOR THE STATE |
| *State* | § | |
| | § | |

**Identity of the Parties**

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Appellant:

   **Roderick Beham**

2. Attorneys for Appellant on appeal:

   **Alwin A. Smith**
   Attorney at Law
   Texas Bar No. 18532200
   602 Pine Street
   Texarkana, Texas 75501

   **Garret Smith**
   Texas Bar No. 240884226
   Attorney at Law
   1616 Falcon Ridge Blvd.
   Friendswood, Texas 77546

3. Attorneys for Appellant at trial:

   **Chad Crowl**
   Bowie County Public Defender's Office

4. Attorney for the State of Texas at trial:

   **Samantha Oglesby**
   **Kelley Crisp**
   Assistant District Attorneys
   Bowie County, Texas
   601 Main Street
   Texarkana, Texas 75501

5. Attorney for the State of Texas on appeal:

   **Lauren N. Richards**
   Assistant District Attorney
   Texas Bar No. 24079421
   601 Main Street
   Texarkana, Texas 75501

6. Presiding Judge at trial:

   **The Honorable Ralph Burgess**
   District Court Judge
   5th Judicial District
   Bowie County, Texas
   Bi-State Justice Building
   100 North State Line Avenue
   Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel ................................................................... i-ii

Table of Contents ........................................................................................ iii

Index of Authorities ................................................................................ iv-vi

Statement of the Case................................................................................... 1

Reply to Points of Error .............................................................................. 2

Argument.............................................................................................. 3-22

Reply to Point of Error Number One and Two
*The trial court did not err in denying the Appellant's motion to suppress.*

Reply to Point of Error Number Three
*The trial court did not err in excluding evidence of what type of offense for which the witness was on probation.*

Reply to Point of Error Number Four and Five ......................................
*The trial court did not err by allowing the introduction of extraneous offenses and bad acts.*

Prayer for Relief ............................................................................... 23

Certificate of Compliance ................................................................ 24

Certificate of Service ...................................................................... 25

# Index of Authorities

## **Cases**

*Carroll v. State*, 916 S.W.2d 494 (Tex. Crim. App. 1996).....................................13

*Carpenter v. State*, 979 S.W.2d 633 (Tex. Crim. App. 1998) ...............................15

*Davis v. United States*, 512 U.S. 452 (1994) .....................................................5,6, 8

*De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009)...............................18

*Delao v. State*, 235 S.W.3d 235 (Tex. Crim. App. 2007)..........................................4

*Delaware v. Van Arsdall*, 475 U.S. 673 (1986)...............................................13, 16

*Dowthitt v. State*, 931 S.W.2d 244 (Tex. Crim. App. 1996).....................................5

*Goodwin v. State*, 91 S.W.3d 912 (Tex. App—Fort Worth 2002, no pet.) ......12, 18

*Graves v. State*, 307 S.W.3d 483 (Tex. App.—Texarkana 2010, pet. ref'd) ...........3

*Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997) ......................................3

*Hammer v. State*, 296 S.W.3d 555 (Tex. Crim. App. 2009)...................................13

*Hardesty v. State*, 667 S.W.2d 130 (Tex. Crim. App. 1984)....................................3

*In re D.J.C.*, 312 S.W.3d 704 (Tex. App. – Houston [1st Dist.] 2009, no pet.)........4

*Johnson v. State*, 967 S.W.2d 410 (Tex. Crim. App. 1998) ...................................21

*Lincicome v. State*, 3 S.W.3d 644 (Tex. App.—Amarillo 1999, no pet.)......... 12, 18

*Love v. State*, 861 S.W.2d 899 (Tex. Crim. App. 1993)...................................10, 12

*Lucas v. State*, 791 S.W.2d 35 (Tex. Crim. App. 1989) ...........................................7

*Marshall v. State*, 210 S.W.3d 618 (Tex. Crim. App. 2006).....................................5

*Matz v. State*, 21 S.W.3d 911, 912(Tex. App.—Fort Worth 2000)..........................21

*Mays v. State*, 285 S.W.3d 884 (Tex. Crim. App. 2009).............................................11

*McDaniel v. State*, 3 S.W.3d 176 (Tex. App.—Fort Worth 1999, pet. ref'd).........12

*McFarland v. State*, 928 S.W.2d 482 (Tex. Crim. App. 1996) ..................................9

*Miranda v. Arizona*, 384 U.S. 436 (1966) .........................................................4, 6

*Mitchell v. State*, 931 S.W.2d 950 (Tex.Crim.App.1996) .........................................19

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990).........................12, 17

*Morales v. State*, 32 S.W.3d 862 (Tex. Crim. App. 2000) .......................................21

*Motilla v. State*, 78 S.W.3d 352, 357-58 (Tex. Crim. App. 2002) ..........................21

*Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd) .........12, 18

*Rachal v. State*, 917 S.W.2d 799 (Tex. Crim. App. 1996) .......................................3

*Ramos v. State*, 245 S.W.3d 410 (Tex. Crim. App. 2008).....................................4,5

*Robbins v. State*, 88 S.W.3d 256 (Tex. Crim. App. 2002) .......................................18

*Robinson v. State,* 35 S.W.3d 257 (Tex. App.—Texarkana 2000, pet. ref'd)...12, 18

*Rogers v. State*, 291 S.W.3d 148 (Tex. App.—Texarkana 2009, pet. ref'd).............3

*Sherman v. State*, 20 S.W.3d 841, 847 (Tex. App.—Texarkana 2000, no pet.)......12

*Shugart v. State*, 32 S.W.3d 355 (Tex. App.—Waco 2000, pet. ref'd)...................21

*Taylor v. State*, 93 S.W.3d 487 (Tex. App—Texarkana 2002, pet. ref'd.) .......12, 18

*Thompson v. State*, 4 S.W.3d 884 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd)19

*Villarreal v. State*, 935 S.W.2d 134 (Tex. Crim. App. 1996)....................................3

*Weatherred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000)............................12, 18

*Wesbrook v. State,* 29 S.W.3d 103, 119 (Tex. Crim. App. 2000) ...........................21

*Wheeler v. State*, 67 S.W.3d 879 (Tex. Crim. App. 2002) ................................12, 18

*Wilder v. State*, 111 S.W.3d 249 (Tex. App.—Texarkana 2003, pet. ref'd) ...........17

*Williams v. State*, 257 S.W.3d 426, 432 (Tex. App.-Austin 2008, pet ref'd) ............4

*Wilson v. State*, 311 S.W.3d 452 (Tex. Crim. App. 2010) .........................................3

## United States Consitution

U.S. Constitutional Amendment V ...........................................................................4

U.S. Constitutional Amendment VI..........................................................................9

## Rules of Appellate Procedure

Tex. R. App. Proc. 44.2(b)......................................................................................20

## Rules of Evidence

Tex. R. Evid. 611(b).................................................................................................12

## Texas Code of Criminal Procedure

Tex. Code Crim. Proc. art. 37.07 § 3 ..................................................................18,19

# Statement of the Case

Appellant, Roderick Beham, was convicted by a jury of aggravated robbery in the 5th Judicial District Court of Bowie County, Texas, the Honorable Ralph Burgess presiding. The jury assessed punishment at twenty-five (25) years in the Institutional Division of the Department of Criminal Justice, and the Judge sentenced the Appellant accordingly. Appellant then perfected appeal to this Honorable Court. He now appeals the verdict of the trial court on five points of error.

# Reply to Points of Error

REPLY TO POINT OF ERROR NUMBER ONE AND TWO:

*The trial court did not err in denying the Appellant's motion to suppress.*

REPLY TO POINT OF ERROR NUMBER THREE:

*The trial court did not err in excluding evidence of what type of offense for which the witness was on probation.*

REPLY TO POINT OF ERROR NUMBER FOUR AND FIVE:

*The trial court did not err by allowing the introduction of extraneous offenses and bad acts.*

**Argument**

## Reply to Points of Error One and Two

*The trial court did not err in denying the Appellant's motion to suppress.*

The State will reply to Appellant's first and second points of error jointly, as Appellant's brief also consolidated the two points of error.

**Argument and Authorities**

## A. Standard of Review

A trial court's ruling on a motion to suppress is analyzed using a bifurcated standard of review.[1] Although almost total deference is given to the trial court's determination of historical facts and credibility, a review of the trial court's application of the law and determination on the questions not turning on credibility is reviewed de novo.[2] Generally, reviewing courts consider only the evidence adduced during the suppression hearing because the trial court's ruling was based on that evidence alone rather than evidence presented later at trial.[3] However, this rule is inapplicable where the suppression issue has been re-litigated by the parties during trial on the merits.[4]

---

[1] *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd); *Rogers v. State*, 291 S.W.3d 148, 151 (Tex. App.—Texarkana 2009, pet. ref'd); *Wilson v. State*, 311 S.W.3d 452, 457-58 (Tex. Crim. App. 2010).

[2] *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Wilson*, 311 S.W.3d at 458.

[3] *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).

[4] *See, e.g., Hardesty v. State*, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984).

At a hearing on a motion to suppress, the trial court is the sole and exclusive trier of fact and judge of the credibility of the witnesses and the evidence.[5] The evidence is examined in a light most favorable to the trial court's ruling.[6] A reviewing court must uphold a trial court's ruling on a motion to suppress if it is supported by the record and correct under any theory of law applicable to the case.[7]

## B. Application of Law to Facts

The Fifth Amendment to the United States Constitution provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself."[8] Law enforcement officials, before questioning a person in custody, must inform him that he has the right to remain silent and that any statement he makes ma be used against him in court.[9] "The right to terminate questioning is among the procedural safeguards that *Miranda* establishes" to protect the Fifth Amendment right to remain silent.[10] This right requires police officers to immediately terminate questioning when a suspect "indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent."[11] The suspect is not required to use

---

[5] *Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim. App. 2007).
[6] *Id.*
[7] *In re D.J.C.*, 312 S.W.3d 704, 711 (Tex. App. – Houston [1st Dist.] 2009, no pet.) (citing *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008)).
[8] U.S. Const. amend. V.
[9] *Miranda v. Arizona,* 384 U.S. 436, 444 (1966).
[10] *Williams v. State,* 257 S.W.3d 426, 432 (Tex. App.-Austin 2008, pet ref'd). This
[11] *Ramos v. State,* 245 S.W.3d 410,418(Tex. Crim. App. 2008) (quoting *Miranda,* 384 U.S. at 473–74).

any particular phraseology to invoke the right to remain silent.[12] Any declaration of a desire to terminate the questioning should suffice.[13] A law enforcement officer may not continue to question the suspect until the officer succeeds in persuading the suspect to change his mind and talk.[14]

However, an interrogating officer is not required to terminate his questioning unless the suspect's invocation of rights is unambiguous.[15] "If the suspect's statement is not an unambiguous or unequivocal request [to terminate the interview or to invoke the right to silence], the officers have no obligation to stop questioning him."[16] A police officer is permitted, but not required, to clarify a suspect's wishes when faced with an ambiguous invocation of the right to remain silent.[17]

In determining whether the right to remain silent was unambiguously invoked, courts look at the totality of the circumstances.[18] Ambiguity exists when the suspect's statement is subject to more than one reasonable interpretation under the circumstances.[19]

---

[12] *Ramos,* 245 S.W.3d at 418.
[13] *Id.*
[14] *Dowthitt v. State,* 931 S.W.2d 244, 257 (Tex. Crim. App. 1996).
[15] *Ramos,* 245 S.W.3d at 418 (citing *Dowthitt,* 931 S.W.2d at 257).
[16] *Davis v. United States,* 512 U.S. 452, 461–62 (1994).
[17] *Marshall v. State,* 210 S.W.3d 618, 628 (Tex. Crim. App. 2006) (citing *Davis,* 512 U.S. at 461–62).
[18] *Williams,* 257 S.W.3d at 433.
[19] *Id.* at 433–34.

*Miranda v. Arizona* requires that suspects in custody be informed before questioning begins of their right to consult with an attorney.[20] If a suspect invokes that right, there can be no further interrogation unless the accused initiates it. If Miranda warnings are not given or a request for counsel is ignored, any subsequent statements by the suspect cannot be introduced at trial during the prosecution's case-in-chief.

In *Davis v. United States*[21]*,* the United States Supreme Court established a "bright line" between suspects who *might* be asking for a lawyer and those who actually *do* ask for one, holding that only the latter have invoked their right to counsel:

> "To avoid difficulties of proof and to provide guidance to officers conducting interrogations, this is an objective inquiry. Invocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning. Rather, the suspect must unambiguously request counsel. As we have observed, a statement either is such an assertion of the right to counsel or it is not. Although a suspect need not speak with the discrimination of an Oxford don, he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."[22]

---

[20] 384 U.S. 436, 469-70 (1966); see U.S. Const. amend. V.
[21] 512 U.S. 452 (1994).
[22] *Id*.

Police may continue to question an accused after an unclear or ambiguous invocation of the right to counsel only to ascertain "whether the accused indeed wants to consult with counsel or wishes to proceed with the interview without benefit of counsel."[23]

Prior to trial, the Appellant filed a Motion to Suppress Oral Statements of Defendant. (C.R. P. 51). Prior to jury selection, the trail court took up the Appellant's Motion to Suppress. (R.R. Vol. 2, p. 12). The court took the recorded statement for review in camera and then heard arguments from both sides as to the admissibility of the Appellant's recorded statement. (R.R. Vol. 2, p. 15-21).

The trial court reasoned that Appellant's statement at 2:25 in the recording that he wanted to "see what you've got to say first," clearly indicated that he was not invoking his right to counsel. (R.R. Vol. 2, p. 22). The court stated, "[h]e wanted to see what the officer had to say first before he invoked his right to counsel and that's when the conversation began and continued, so I find that it was a voluntary conversation." (R.R. Vol. 2, p. 22). The trial court ruled that the statement was not in violation of the Appellant's Fifth Amendment rights.

_____

[23] *Lucas v. State,* 791 S.W.2d 35, 46 (Tex. Crim. App. 1989), *vacated on other grounds,* 509 U.S. 918 (1993).

The recorded conversation has the Appellant making statements such as "I was going to try to see if I could get a lawyer," "my Pops told me to get a lawyer, he had a lawyer for me," and "I don't want to talk to the lawyer, see what's going on." Due to the Appellant mumbling some of those statements, there was disagreement at the hearing, and still again disagreement on appeal, between Appellant and the State as to the exact wording of those statements. Due to the lack of clarity with which the Appellant was speaking, Detective Giddens continued to talk with the Appellant to clarify his desires and ascertain whether he wanted to waive his rights and speak with him. Giddens also reminded the Appellant if he wished to terminate the interview at any time, he was free to do so. A Detective is allowed to clarify an ambiguous request for an attorney.[24]

In the present case, the Appellant's statements are subject to more than one reasonable interpretation under the circumstances. There was back and forth conversation between the Appellant and Detective Giddens. Appellant made the statement, 'I want to talk but I don't want a—I want a lawyer—I want to see …,' among other equivocal statements. (State's Record Exhibit 1).

As Detective Giddens proceeds to attempt to clarify whether the Appellant is waiving his rights, the Appellant ultimately says, "I want to see what you've got to say first" to the officer. The Appellant was not being interrogated at this point in

---

[24] *Davis*, 512 U.S. at 453.

the conversation. It was reasonable for the detective to interpret this statement as the Appellant wished to see what the officer had to say before invoking his right to counsel or right to remain silent.

The trial court did not err in admitting Appellant's statement. Here, the trial court's conclusion that Appellant's rights were not violated was based on it's own evaluation of the recorded statement, and it was not error to deny Appellant's Motion to Suppress.

In regards to an accused's Sixth Amendment right, the right to assistance of counsel does not attach prior to the initiation of adversarial judicial proceedings, which may be initiated by way of formal charge, preliminary hearing, indictment, information, or arraignment.[25] For purposes of determining when Sixth Amendment right to counsel attaches, examples of actions which mark initiation of formal adversarial proceedings include filing indictment, filing information and complaint, arraignment, and warning hearing before magistrate as to defendant's rights.[26] In this case, at the time of the interview, the Appellant had been arrested in Little River County, Arkansas when Detective Giddens arrived to speak with him. (R.R. Vol. 4, p. 66-67). Because adversarial judicial proceedings had not yet been initiated, the Appellant's Sixth Amendment right had not yet attached. Because the

---

[25] U.S. Const. amend. VI
[26] *McFarland v. State*, 928 S.W.2d 482 (Tex. Crim. App. 1996).

9

Sixth Amendment right to counsel had not attached, it was not violated by Detective Gidden's questions.

For these reasons, Appellant's first and second points of error should be overruled.

## **Reply to Point of Error Three**

*The trial court did not err in excluding evidence of what type of offense for which the witness was on probation.*

## **Argument and Authorities**

Appellant challenges the trial court's ruling on its attempted cross-examination of the State's witness, arguing that defense counsel sought to elicit relevant and admissible testimony not prohibited by an established evidentiary rule. Although Appellant mentions in his argument summary it was a violation of his right to confront witnesses, and briefs this issue with a focus on his constitutional right to cross-examination, it should be interpreted his complaint as alleged error in the exclusion of evidence.[27]

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Texas Rule of

---

[27] *See Love v. State,* 861 S.W.2d 899, 903 (Tex. Crim. App.1993)(interpreting complaint that trial court refused to allow defense counsel to recall witness for further cross-examination as being predicated on exclusion of evidence).

10

Evidence 103 by making an "offer of proof" which sets forth the substance of the proffered evidence.[28] The offer of proof may consist of a concise statement by counsel, or it may be in question and answer form.[29] If in the form of a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible."[30] A summary in most general and cursory terms, without any of the substance of the actual evidence will not suffice to preserve error.[31]

Appellant stated to the trial court that he wished to question Arneshia Hall that he was on probation for a weapons charge that, "[t]he fact that she was gone on probation and has an opportunity to go to her probation officer and tell him what happened." (R.R. Vol. 4, p. 54).

After the trial court sustained the State's Rule 403 objection to that evidence, the defense failed to request to make an offer of proof as to the testimony it wanted admitted.

On appeal, the Appellant complains he was unable to properly cross-examine the witness demonstrating alleged bias. It is the State's position that the statements made by defense at trial do not make it apparent what the substance of

---

[28] *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009).
[29] *Id*.
[30] *Id*. at 889-90(quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)(per curiam)).
[31] *Id*. at 891.

the testimony was that the Appellant sought to introduce. Without a proper offer of proof as to the substance of the testimony, it would be mere speculation as to the nature of the excluded testimony. For these reasons, the Appellant has not preserved this point of error for review.

## A. Standard of Review

A trial court has considerable discretion in determining whether to admit or exclude evidence.[32] When considering whether a trial court's decision to admit or exclude evidence is error, an appellate court must determine whether the trial court abused that discretion.[33] This inquiry depends on the facts of each case.[34] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[35] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[36]

[32] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990 (op. on reh'g); *McDaniel v. State*, 3 S.W.3d 176, 180 (Tex. App.—Fort Worth 1999, pet. ref'd).
[33] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).
[34] *Love v. State*, 861 S.W.2d 899, 904 (Tex. Crim. App. 1993); *Sherman v. State*, 20 S.W.3d 841, 847 (Tex. App.—Texarkana 2000, no pet.).
[35] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd); *see Montgomery*, 810 S.W.2d at 372.
[36] *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 391); *Weatherred*, 15 S.W.3d at 542; *Taylor v. State*, 93 S.W.3d 487, 505-506 (Tex. App—Texarkana 2002, pet. ref'd.); *Goodwin v. State*, 91 S.W.3d 912, 917 (Tex. App—Fort Worth 2002, no pet.).

The scope of cross-examination is broad and extends to facts that may affect the witness' credibility.[37] A defendant is entitled to pursue all avenues of cross-examination reasonable calculated to expose a motive, bias, or interest for the witness to testify.[38] However, the scope of appropriate cross-examination is not unlimited, and the trial court generally had "wide discretion in limiting the scope and extent of cross-examination."[39] For example, a trial court may properly limit the scope of cross-examination to prevent harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally relevant interrogation.[40]

## B. Application of Law to Facts

At trial, the codefendant Arneisha Hall testified that in exchange for testifying truthfully at Appellant's trial, she pled guilty to robbery and received a fifteen year sentence. (R.R. Vol. 4, p. 42).

On cross-examination, Ms. Hall testified that she initially denied all involvement with the robbery to detectives and told multiples lies to law enforcement. (R.R. Vol. 4, p. 52-53). The following exchange drew objection from the State,

DEFENSE: Okay. And Ms. Hall, at the time this robbery happened, you were on probation, weren't you, ma'am?

---

[37] *See Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996); see also Tex. R. Evid. 611(b).

[38] *Carroll*, 916 S.W.2d at 497.

[39] *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009); *Carroll*, 916 S.W.2d at 498.

[40] *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *Carroll*, 916 S.W.2d at 498.

WITNESS: Yes, sir.

DEFENSE: And you were on probation for weapons charges, correct?

WITNESS: Yes, sir.

STATE: Objection, Your Honor. May we approach?

(R.R. Vol. 4, p. 53).

After a hearing at the bench, the trial court sustained the State's objection and instructed the jury to "disregard the last answer of the witness and give it no weight or consideration in your deliberations." (R.R. Vol. 4, p. 54). Therefore, the only question and answer excluded by the trial court was that the offense for which Ms. Hall was on probation for was a weapons charge. The question and answer that Ms. Hall was on probation when the robbery happened was not excluded by the trial court.

Appellate now complains that such testimony should have been allowed because "[i]nquiry into her probation on the weapons charges could have been brought to light new evidence with regard to who actually brought the gun." Additionally, he argues bias could have also been demonstrated if the witness received any special consideration on a probation revocation. The testimony that the witness was on probation was not excluded. The trial court did not abuse its discretion by preventing the Appellant to go into what the charge that Ms. Hall was on probation for.

14

Appellant relies upon *Davis v. Alaska* and its Texas progeny for the proposition that any witness who is on probation may be cross-examined about that status to show a potential bias or motive to testify for the State.

In *Carpenter v. State*[41], the Court of Criminal Appeals held that, in the context of cross-examination of a witness with pending charges, "[f]or the evidence to be admissible, the proponent must establish some causal connection or logical relationship between the pending charges and the witness' 'vulnerable relationship' or potential bias or prejudice for the State, or testimony at trial."[42] That is, a "vulnerable relationship" based on a witness's pending charges or probationary status does not hover cloud-like in the air, ready to rain down as impeachment evidence upon any and all such witnesses. There must be some logical connection between that "vulnerable relationship" and the witness's potential motive for testifying as he does. Evidence that a witness is on probation, is facing pending charges, or has a prior juvenile record is not relevant for purposes of showing bias or a motive to testify absent some plausible connection between that fact and the witness's testimony. In the present case, stretching the Appellant's argument to the trial court, the only plausible connection was that there was a gun used during the robbery and that Ms. Hall was on probation due to a weapons charge. That alleged connection is insufficient to create the necessary logical

---

[41] 979 S.W.2d 633 (Tex. Crim. App. 1998).
[42] Id. At 634-35 & n.4.

15

connection between that "vulnerable relationship" and the witness's potential motive for testifying as he does. Therefore, it was not an abuse of discretion for the trial court to limit Appellant's cross examination of Ms. Hall.

## C. Harm Analysis

Assuming, arguendo, that this court finds it was error to limit the cross-examination of Ms. Hall, any error was harmless beyond a reasonable doubt. When making a determination whether the alleged error did not contribute to the conviction, a reviewing court must first assume that the damaging potential of the cross-examination was fully realized.[43] Then this court must review the entire record and consider the following factors: (1) the importance of the witness's testimony in the prosecution's case, (2) whether the testimony was cumulative, (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, (4) the extent of cross-examination otherwise permitted, and (5) the overall strength of the prosecution's case.[44]

It is undisputed that the witness was a co-defendant in this case. While the fact that Ms. Hall was on probation was introduced before the jury, the Appellant complains that he was unable to further explore that she was on probation for a weapons charge to demonstrate bias. In this case, there was video surveillance of the Appellant implicating him in the crime and as the one who was using the

---

[43] *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).
[44] *Id.*

16

weapon to commit the crime. Therefore, the fact that Ms. Hall had a prior weapons charge was irrelevant to the facts of the present case. Ms. Hall was fully cross-examined on the fact that she was given a fifteen year sentence on a lesser-included offense of robbery and that as part of that agreement she would have to testify against the Appellant. (R.R. Vol. 4, p. 55). Evaluating the record as a whole, this court can have assurances the that any error in limiting the cross-examination was harmless beyond a reasonable doubt.

For these reasons, Appellant's third point of error should be overruled.


## Reply to Point of Error Four and Five

*The trial court did not err by allowing the introduction of extraneous offenses and bad acts.*

The State will reply to Appellant's fourth and fifth points of error jointly, as Appellant's brief also consolidated the two points of error.


## Argument and Authorities

### A. Standard of Review

The trial court has wide discretion in deciding whether to admit or exclude evidence.[45] When considering whether a trial court's decision to admit or exclude

---

[45] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd).

evidence is error, an appellate court must determine whether the trial court abused

that discretion.[46] This inquiry depends on the facts of each case.

When reviewing a trial court's decision to admit or exclude evidence, an

appellate court must afford great deference to the trial court's balancing

determination and should reverse a trial court "rarely and only after a clear abuse

of discretion."[47] An abuse of discretion occurs only when the trial court acts

arbitrarily or unreasonably without reference to any guiding rules or principles.[48]

Even if the reviewing court might have reached a different result, the court must

uphold the trial court's decision to admit or exclude evidence if it was within the

"zone of reasonable disagreement."[49] A trial court's evidentiary ruling must be

upheld if it was correct under any theory of law applicable to the case.[50]

## B. Application of Law to Facts

Article 37.07, section 3(a) provides that the State may introduce "evidence

of an extraneous crime or bad act that is shown beyond a reasonable doubt by

---

[46] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).

[47] *Robbins v. State*, 88 S.W.3d 256, 262 (Tex. Crim. App. 2002).

[48] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd); *see Montgomery*, 810 S.W.2d at 372.

[49] *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 391); *Weatherred*, 15 S.W.3d at 542; *Taylor v. State*, 93 S.W.3d 487, 505-506 (Tex. App—Texarkana 2002, pet. ref'd.); *Goodwin v. State*, 91 S.W.3d 912, 917 (Tex. App—Fort Worth 2002, no pet.).

[50] *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

evidence to have been committed by the defendant."[51] The Court of Criminal Appeals has made clear that the beyond-a-reasonable-doubt standard of this statute is the same as that applied during the guilt-innocence phase.[52]

Appellant argues that the trial court should have made an initial finding of proof beyond a reasonable doubt that the defendant has committed the bad act as alleged as a prerequisite to admissibility during the punishment phase. However, under this statute, the trial court makes a threshold determination of whether the evidence is relevant and thus admissible.[53] In conducting this inquiry, the court determines whether "the jury could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offense."[54]

At trial, the State sought to illicit testimony from Detective Giddens that the Appellant had prior contacts with law enforcement other than the present offense. (R.R. Vol. 5, p. 34). Those prior incidents did not result in convictions, but were still admissible under Texas Code of Criminal Procedure article 37.07 § 3(a)(1), which allows for "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the

---

[51] Tex. Code Crim. Proc. art. 37.07 § 3(a).

[52] *See Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App.1996) ("When evidence of extraneous offenses has been offered, regardless of the respective phase of a trial, the law requires that it be proved beyond a reasonable doubt").

[53] *See Mitchell,* 931 S.W.2d at 953; *Thompson v. State,* 4 S.W.3d 884, 886 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd).

[54] *Thompson,* 4 S.W.3d at 886 (citing *Harrell v. State,* 884 S.W.2d 154, 160–61 (Tex.Crim.App.1994))

defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or bad act."

The Appellant's attorney objected that Detective Giddens had no personal knowledge of the prior incidents. (R.R. Vol. 5, p.31). His objections at trial were that the testimony violated Texas Rule of Evidence 403, the Confrontation Clause, and was hearsay. (R.R. Vol. 5, p. 35). The trial court reviewed the evidence and overruled the Appellant's objections, thus making a finding the evidence was relevant, and its prejudicial effect of the evidence did not substantially outweigh its probative value.

Therefore, it was not error for the trial court to allow the introduction of the evidence.

## C. Harm Analysis

Should this Court find that the trial court erred by allowing introduction of the extraneous offense evidence, such error does not constitute reversible error.

Under Rule 44.2(b) non-constitutional error must be disregarded if it does not affect the appellant's substantial rights.[55] A substantial right is affected when the error had a "substantial and injurious effect or influence in determining the

---

[55] Tex. R. App. Proc. 44.2(b)

20

jury's verdict."[56] To assess the likelihood that the jury's decision was adversely affected by the erroneous admission of evidence, the reviewing court considers the entire record, including the other evidence admitted, the nature of the evidence supporting the verdict, and the character of the error in light of the other evidence in the case.[57] In a harm analysis under Rule 44.2(a), "the presence of overwhelming evidence supporting the finding in question can be a factor in the evaluation of harmless error."[58]  The reviewing court will also consider the arguments of counsel and the extent to which the State emphasized the improper evidence.[59]

The Appellant was sentenced to twenty-five years for a first degree felony. The punishment range for a first degree felony is 5-99 years or life in the Texas Department of Criminal Justice. Any reasonable juror could have reasonably sentenced the Appellant to twenty-five years based solely on the offense of Aggravated Robbery, absent any prior bad acts or extraneous offenses.

David Bennett also testified during punishment that he works as a correctional officer at the Bowie County Correction Center. (R.R. Vol. 5, p. 63). Mr. Bennett testified that Beham violated the policy of the jail when he put his

---

[56] *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Shugart v. State*, 32 S.W.3d 355, 363 (Tex. App.—Waco 2000, pet. ref'd); *Matz v. State*, 21 S.W.3d 911, 912(Tex. App.—Fort Worth 2000).
[57] *See Motilla v. State*, 78 S.W.3d 352, 357-58 (Tex. Crim. App. 2002).
[58] *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000).
[59] *See Motilla v. State*, 78 S.W.3d at 357.

hands on Mr. Bennett and tried to pat him down. (R.R. Vol. 5, p. 65).Another jailer testified that he witnessed Beham commit a major infraction while housed in the Bowie County Correctional Center, for which the Appellant was placed in administrative segregation. (R.R. Vol. 5, p. 74-75). Yet another jailer testified to catching Beham stealing out of the kitchen. (R.R. Vol. 5, p. 78). Testimony was also heard of the Appellant assaulting another inmate at the jail. (R.R. Vol. 5, p. 83). Shane Kirkland testified that the Appellant was demonstrating known gang signs in certain photographs admitted into evidence. (R.R. Vol. 5, p. 92).

Based on a review of the evidence presented during the punishment phase, this court can have assurances that any error did not contribute to the punishment verdict beyond a reasonable doubt.

For these reasons, Appellant's fourth and fifth points of error should be overruled.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

\_\_/s/Lauren N. Sutton_____

By: Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

23

## Certificate of Compliance

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 4,837 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

__/s/Lauren N. Sutton_____
**Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Al Smith, Attorney for Appellant, on this the 22th day of July, 2015.


\_\_/s/Lauren N. Sutton_____
**Lauren N. Sutton**