**AFFIRM and Opinion Filed August 9, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01226-CR

**ROGER ALLEN STULCE JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80196-2013**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Chief Justice Wright

A jury convicted Roger Allen Stulce Jr. of sexual assault and assessed a twenty-year sentence and a $10,000 fine. In his sole issue, appellant contends the trial court erred in admitting evidence of extraneous offenses in the guilt/innocence phase of trial. We affirm.

### BACKGROUND

Appellant was charged with sexually assaulting M.S., his wife at the time, on July 19, 2008. The State sought to elicit extraneous offense testimony from M.S. about similar offenses that occurred during their marriage. After conducting pretrial hearings and listening to the proposed testimony of M.S., the trial court granted the State permission to introduce testimony about two sexual assaults that occurred prior to the charged offense and also other contextual evidence. The trial court opined that both incidents were contextual to the current charged

offense. The trial court denied the State permission to go into incidents occurring after the charged offense.

During trial, M.S. testified the first incident occurred in 1998 when appellant was serving in the navy. According to M.S., appellant came home drunk and cornered her in the bathroom of their apartment. Appellant asked her if he could penetrate her anus with his penis and proceeded to do so after she refused permission. Appellant stopped when M.S.'s screams awoke their two-year-old son who began crying outside the bathroom door. M.S. called the police but could not complete the call because appellant ripped the telephone cord out of the wall. M.S. then used a neighbor's phone to contact the police. Although the police responded, M.S. chose not to press charges. As a result of the incident, the navy required appellant to attend anger management and other drug and alcohol abuse classes. M.S. testified that she believed appellant's promise to not sexually assault her again. Following the first incident, M.S. testified that she and appellant had a normal marriage, which included a return to civilian life, appellant's avoidance of alcohol, two additional children, and a move to Texas.

The second incident occurred in March 2008. M.S. testified that appellant penetrated her anus without her consent after he returned from a business trip. Appellant attempted to justify his behavior by telling M.S. that he believed she had cheated on him while he was away. M.S. further testified that she did not report the incident because appellant led her to believe that she could not survive financially on her own without him and that he would leave the country to avoid paying child support if she left him.

M.S. testified that in the months preceding the charged offense, appellant resumed requests to penetrate her anus and would badger and harass her until she gave in. Although M.S. consented to some of the requests, it was with heavy restrictions and she did not consent to every request. Appellant began seeing a therapist and was prescribed Xanax. In July 2008, appellant

resumed drinking and began to pressure M.S. for anal sex. On July 13, 2008, appellant was taken to Green Oaks, a mental health facility, after he told M.S. that he had confessed to his therapist that he was on the verge of sexually assaulting M.S. M.S. picked appellant up from Green Oaks on July 19, 2008. Shortly after they arrived home, appellant began asking for sex. M.S. and appellant engaged in consensual vaginal intercourse for a short period but appellant then grabbed M.S.'s arm, rolled her over, and penetrated her anus without her consent. M.S. testified the anal intercourse was very painful and she begged him to stop. In response, appellant told her to shut up and be quiet. After finishing, appellant left the house and checked into a hotel. He later called M.S. and told her that he wanted her to come to him so he could rape her. Because he told her he was suicidal and would kill anyone she brought with her, M.S. called police who performed a welfare check on appellant at the hotel. M.S. did not report the sexual assault to police at that time. Instead, M.S. packed some of her belongings and took her three children to California. M.S. reported the sexual assault eight days later from California because she felt safe there. M.S. briefly returned to Texas to retrieve additional belongings. She felt it was safe to do so because appellant was in a psychiatric hospital. Upon her return, she found a message written in lipstick on a mirror at her home that renewed her fear. She discontinued prosecution as a result and returned to California. M.S. admitted that the police report she filed regarding the offense described it as vaginal intercourse and a 2008 divorce petition she filed and withdrew in Collin County alleged appellant had sexually assaulted her but it did not describe the assault as anal sex.

M.S. testified she later tried to reconcile with appellant but they eventually divorced in 2010. M.S. and appellant did not have contact from 2010 to 2012. After learning new information in July 2012, M.S. contacted police again and revived the current prosecution.

Although not disclosed to the jury, the new information that caused M.S. to come forward was her learning that appellant had been charged with sexually assaulting several other women.

## STANDARD OF REVIEW

Whether to admit extraneous offense evidence in the face of defense objections is a question for the trial court. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). The trial court's determination to admit extraneous offense evidence is reviewed under an abuse of discretion standard. *Id.* The trial court's ruling must be upheld if it lies within the zone of reasonable disagreement. *Id.* The trial court's ruling on extraneous offense evidence is generally within the zone of reasonable disagreement if the evidence shows (1) the extraneous event is relevant to a material, non-propensity issue, and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *Id.*

## ANALYSIS

In his sole issue, appellant contends the trial court erred and abused its discretion in allowing the State to elicit M.S.'s testimony about the 1998 and March 2008 offenses because the State failed to prove beyond a reasonable doubt that the offenses occurred, the evidence was not admissible under rule of evidence 404(b)(2), and the evidence should have been excluded as more prejudicial than probative under rule of evidence 403. We will address each of appellant's contentions in order.

### *Reasonable Doubt*

Appellant first contends the trial court erred in admitting M.S.'s extraneous offense testimony because the State failed to prove the extraneous offenses beyond a reasonable doubt.

–4–

Although appellant raised several objections to the proffered evidence, the record does not show he specifically objected in the trial court on the ground he now raises on appeal. *See* TEX. R. APP. P. 33.1 (requiring specific objection to preserve complaint for appellate review). Because he did not object to the sufficiency of the evidence of the extraneous offenses, appellant has failed to preserve this complaint for appeal. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (legal theory on appeal must correspond to legal theory raised in trial court).

Appellant also suggests that he should be entitled to a review of the legal sufficiency of the evidence regarding the extraneous offenses under the standard for legal sufficiency set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). The State responds that extraneous offense evidence is not subject to legal sufficiency review. We agree with the State.

In reviewing a case for legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the judgment to determine whether a jury, relying on the evidence and the reasonable inferences therefrom, was rationally justified in finding the defendant guilty. *See Jackson*, 443 U.S. at 318–19; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The jury is the sole judge of the credibility and weight of the evidence. *See Jackson*, 443 U.S. at 319; *Temple*, 390 S.W.3d at 360. Appellant cites no authority suggesting he is entitled to a *Jackson* review of the sufficiency of extraneous offense evidence nor is there any logical way to perform such a review consistent with the standard and the jury's role as factfinder.

Instead of relying upon *Jackson*, we review the trial court's assessment of the evidence under an abuse of discretion standard. *See De La Paz*, 279 S.W.3d at 343. When deciding whether to admit extraneous offense evidence during the guilt/innocence phase of trial, the trial court must make an initial determination that the jury could find beyond a reasonable doubt that the defendant committed the extraneous offense. *Harrell v. State*, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994). Further, upon the defendant's request, the trial court must instruct the jury

–5–

not to consider the extraneous offense evidence admitted unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). The jury is the ultimate trier of fact, and it alone determines if an extraneous offense has been proven beyond a reasonable doubt. *See Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (the trial judge has the responsibility of determining the threshold admissibility of extraneous offenses and the jury determines whether or not the State has proven the extraneous offense beyond a reasonable doubt).

The record indicates that the trial court held pretrial hearings and heard M.S.'s testimony detailing extraneous offenses similar to the charged offense. The alleged perpetrator and victim are the same, all of the offenses involve sexual assault by penetration of the complainant's anus, and the aftermath of each extraneous offense is comparable or contextual to the charged offense. We conclude the record shows the trial court made the proper initial assessment of the extraneous offenses and the trial court's determination to admit the evidence is an implied determination that the jury could reasonably find beyond a reasonable doubt that appellant committed the extraneous offenses. *See Harrell*, 884 S.W.2d at 160; *Jackson v. State*, 65 S.W.3d 317, 321 (Tex. App.—Waco 2001, no pet).

The trial court's charge instructed the jury to consider the extraneous offenses only if it found beyond a reasonable doubt that appellant committed the offenses and then only to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . and for no other purpose." To the extent the jury may have considered the extraneous offenses in determining appellant's guilt, we defer to its judgment on whether the State proved them beyond a reasonable doubt. *See Mitchell*, 931 S.W.2d at 954.

*Application of Rule 404(b)*

Secondly, appellant contends that the State failed to show that either of the extraneous offenses were admissible under Texas Rule of Evidence 404(b)(2) and thus constitute inadmissible character evidence. Appellant asserts that he presented no defenses that would make the extraneous offense evidence admissible to rebut a defensive theory. Appellant further contends that the 1998 offense was too remote to be probative under rule 404(b).

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. TEX. R. EVID. 404(b)(1). It may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* at 404(b)(2). The exceptions listed under Rule 404(b)(2) are neither mutually exclusive nor collectively exhaustive. *De La Paz*, 279 S.W.3d at 343. Therefore, evidence of an extraneous offense may be admissible for other non-character conformity purposes such as showing the reason a sexual assault victim failed to report the assault promptly or rebutting a defensive theory. *See Brown v. State*, 657 S.W.2d 117, 119 (Tex. Crim. App. [Panel Op.] 1983) (explaining failure to report sexual assault); *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003) (rebuttal of defensive theory). The appellate court will not disturb the trial court's ruling if the ruling is correct under any applicable theory, even if the trial court gave the wrong reason for the correct ruling. *De La Paz*, 279 S.W.3d at 344.

Appellant asserts that the State's proffer of extraneous offense evidence is impermissible character evidence pursuant to rule 404(b)(1) because the State did not advance a theory of admissibility within the exceptions of rule 404(b)(2). Although extraneous offense evidence is character evidence, rule 404 makes the evidence inadmissible only if it is used solely to show character conformity. *See id*. at 343. A supplemental reporter's record of a pretrial hearing, filed after appellant filed his brief, shows the State did offer a proper rationale for admitting the evidence:

> we believe that those offenses all show, go to his motive, go to his intent and to what the state has to prove of intentionally and knowingly committing this act, and we believe that it goes to that issue as well as to the lack of consent issue in showing that despite the fact that she was with him and that she was consenting to some sexual acts she wasn't consenting to all sexual acts, and we believe that it's relative for that purpose.

Thus, the State did provide a rationale falling squarely within the rule 404(b) exceptions for admitting the evidence.

The trial court admitted the extraneous offenses as contextual evidence. Same transaction contextual evidence is evidence that is so intertwined with the proof of the charged offense that excluding it would make the State's case incomplete or difficult to understand. *See Prible v. State*, 175 S.W.3d 724, 732 (Tex. Crim. App. 2005). The sexual assaults were part of a series of interactions between appellant and M.S. that culminated in the charged offense. Understanding the dynamics of the parties' relationship was critical to the jury to evaluate what happened between them on July 19, 2008. The contextual evidence helps explain why M.S. delayed reporting the offense to police and why appellant's actions should not be viewed as consensual activity or a mistake.

Moreover, even if we assume that the 1998 offense, in particular, is too remote to qualify as contextual evidence, as the State points out, appellant's opening statement offered to the jury a theory that M.S. fabricated the July 19, 2008 sexual assault. In his opening statement, appellant informed the jury that the only evidence the State would rely on is the "story" of M.S. Counsel used the word "story" twenty-three times in his brief opening statement. Counsel accused M.S. of denying to the jury any scientific or medical evidence and photographs of bruises or the crime scene by failing to timely report the assault to police. As trial counsel told the jury: "Why is that significant? . . . All the evidence you expect to see in a case like this. Whether it ever existed or not, we don't know if [M.S.'s] story is at all true, then she kept that evidence from you." Trial counsel also alluded to changes in M.S.'s "story" over the passage of time between the July 19,

2008 sexual assault and the decision to prosecute the sexual assault in 2012, pointing out the delay in reporting the offense and the police report stating that the sexual assault was vaginal assault rather than anal assault.

During M.S.'s testimony, appellant built upon the defense advanced in opening statement. In cross-examining M.S., counsel inquired about the sexual history between appellant and M.S. during their marriage. Counsel asked if there was consensual anal sex during the marriage to which M.S. acknowledged there was. Counsel questioned M.S. about the difference between her trial testimony that alleged anal penetration and her earlier police report and divorce petition that alleged nonconsensual vaginal intercourse. Counsel also questioned M.S. about her efforts to obtain alimony and a portion of appellant's retirement plan in 2012.

Appellant's opening statement appears calculated to infer to the jury that M.S.'s account of the offense was not merely inconsistent, but untruthful. A defendant can open the door to the admission of extraneous offense evidence to rebut a defensive theory advanced in opening statement. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008).

The record shows appellant offered a defense that M.S.'s accusations were fabricated or that the sexual activity was consensual. The extraneous offense evidence was permissible under Rule 404(b) as illuminative of appellant's intent and to rebut the defense's insinuation that the charged offense either did not happen in the manner M.S. testified to or was consensual activity. *See id.*; *Moses*, 105 S.W.3d at 626; *see also Garcia v. State*, 201 S.W.3d 695, 703 (Tex. Crim. App. 2006) ("in cases in which the prior relationship between the victim and the accused is a material issue, illustrating the nature of the relationship may be the purpose for which evidence of prior bad acts will be admissible"). As a result, we conclude appellant has not shown that the trial court's determination to admit the testimony lies outside the zone of reasonable disagreement. *See Bass*, 270 S.W.3d at 563.

Appellant next contends that the 1998 offense should be inadmissible because it is too remote to be of probative value. We agree with appellant that the remoteness of an extraneous offense can significantly reduce its probative value. *See Gayton v. State*, 331 S.W.3d 218, 226 (Tex. App.—Austin 2011, pet. ref'd). Probative value, however, is not reduced to zero by the passage of time and, unlike rule 403, rule 404(b) does not involve a weighing of probative value. *See Newton v. State*, 301 S.W.3d 315, 318 (Tex. App.—Waco 2009, pet. ref'd). As the State points out, appellant's cited authorities predate the adoption of the rules of evidence. The shift from common law authority to the rules of evidence involved a shift in sentiment from favoring exclusion of evidence to favoring inclusion of evidence. *See Montgomery v. State*, 810 S.W.2d 372, 375 (Tex. Crim. App. 1990). Rather than viewing remoteness as a bar under rule 404(b), we are persuaded it should be viewed as part of the balancing of probative value versus prejudicial effect under rule 403. *See Newton*, 301 S.W.3d at 318. Therefore, we find no abuse of discretion by the trial court.

*Application of Rule 403*

Finally, appellant contends that the trial court erred in admitting the extraneous offense evidence because the probative value of the extraneous offenses is substantially outweighed by their prejudicial effect. We find no abuse of discretion.

Even if evidence is admissible under Rule 404(b), a court may exclude the evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *See* TEX. R. EVID. 403. To determine whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, the trial court must balance six factors: (1) the inherent probative force of the proffered evidence; (2) the proponent's need for the evidence; (3) any tendency of the evidence to suggest decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency of the evidence to be given

undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

We analyze the Rule 403 factors as they apply to the extraneous offense evidence. We will uphold the trial court's decision unless we find a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

Factor 1: Inherent Probative Force. M.S.'s testimony includes an extraneous offense that occurred nearly ten years prior to the charged offense. We already acknowledged that remoteness reduces probative value. The trial court could have reasonably found, however, that the reduction in the probative value of the 1998 extraneous offense evidence due to remoteness was offset by its contextual nature and the exceptional similarity between it and the charged offense. *See Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd*)*; *Newton*, 301 S.W.3d at 320. This holds true for the March 2008 extraneous offense as well. At most, this factor slightly favors exclusion.

Factor 2: Proponent's Need for Evidence. As appellant acknowledges, without physical evidence or eyewitness testimony, the State's case hinges on the credibility of M.S. *See Newton*, 301 S.W.3d at 320 (State had considerable need for extraneous offense evidence because State did not have physical evidence or eyewitness testimony). Accordingly, this factor weighs heavily in favor of admission.

Factor 3: Tendency of Evidence to Suggest Decision on an Improper Basis. Extraneous offenses of a sexual nature are inherently inflammatory and thus highly prejudicial. *See Montgomery*, 810 S.W.2d at 397. However, the impermissible inference of character conformity

can be minimized through a limiting instruction. *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996). The trial court did not provide a preliminary instruction to the jury at the time the extraneous offense evidence was admitted. But, the trial court did instruct the jury in its charge and before deliberation that it could only consider the extraneous offense evidence if it believed appellant committed the offenses beyond a reasonable doubt and even then only for the specific purpose of determining appellant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . and for no other purpose." It is presumed that the jury followed those instructions. *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003). Like the first factor, this factor at most slightly favors exclusion.

Factor 4: Tendency of Evidence to Confuse or Distract Jury. The testimony of M.S. about the extraneous offenses is contextual and relevant to whether or not appellant sexually assaulted her without her consent. *See Bass*, 270 S.W.3d at 562–63 (evidence was relevant where it showed defendant abused other children in similar fashion). This factor weighs in favor of admission.

Factor 5: Tendency of Evidence to be Given Undue Weight by Jury. M.S.'s extraneous offense testimony was straightforward, easily understandable, and it did not contain technical information that has a tendency to mislead a jury not skilled to understand the probative value of such evidence. *See Gigliobianco*, 210 S.W.3d at 641. This factor weighs in favor of admission.

Factor 6: Likelihood that Evidence will be too Time-Consuming or Repetitive. The State's direct examination of M.S. about the extraneous offenses covered approximately seven pages of the trial transcript with an additional mention of them on one page of the redirect examination. The State's case-in-chief consumes approximately forty-five pages and the entire guilt/innocence phase of trial spans roughly 125 pages. That amounts to less than one-tenth of the entire trial transcript and less than one-fifth of the State's case-in-chief. *See Lane*, 933

–12–

S.W.2d at 520 (concluding extraneous offense testimony that amounted to less than one-fifth of State's case-in-chief not excessive). The testimony of M.S. was not repetitive. Therefore, this factor weighs in favor of admission.

Summary of Factors. Out of the six factors, only two somewhat favor exclusion. We, therefore, cannot say that there is a clear disparity between the degree of prejudice of the extraneous offense evidence and its probative value to lead us to find the trial court abused its discretion in admitting the extraneous offense evidence.

## Conclusion

Having decided all of appellant's contentions against him, we conclude the trial court did not abuse its discretion in admitting the extraneous offense testimony at issue. *See De La Paz*, 279 S.W.3d at 343. We overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141226F.U05

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROGER ALLEN STULCE, JR., Appellant

No. 05-14-01226-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-80196-2013.
Opinion delivered by Chief Justice Wright.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 9, 2016.